**Jaime G. CARRANZA, Petitioner–Appellant,**

**v.**

**James GOMEZ, CDC Director; et al., Respondents,**

**and**

**J. McGrath, Warden; et al., Respondents–Appellees.**

No. 05–16883.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Elizabeth S. Kim, Esq., Office of the California Attorney General, Oakland, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See

Jaime G. Carranza, Coalinga, CA, for Petitioner–Appellant.

Song Hill, Esq., Office of the California Attorney General, Oakland, CA, for Respondents.

Jessica N. Blonien, Esq., Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

California state prisoner Jaime G. Carranza appeals pro se from the district court's judgment dismissing as moot his 28 U.S.C. § 2254 petition challenging his placement in a Secured Housing Unit. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Carranza contends that his right to due process was violated by his placement in a Secured Housing Unit. He further contends that the district court erred in dismissing the petition as moot even though he is no longer housed in the Secured Housing Unit because he lost the ability to earn good time credits and to participate in therapy programs while he was housed there.

We conclude that the district court properly dismissed Carranza's petition as moot because he failed to demonstrate collateral consequences sufficient to meet the injury-in-fact requirement. *See Wilson v. Terhune*, 319 F.3d 477, 482–83 (9th Cir.2003)

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(impaired parole prospects do not constitute collateral consequences).

**AFFIRMED.**